COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Vincent Alushula v. The State of Texas

Appellate case number:    01-16-01009-CR

Trial court case number:   2040600

Trial court:               County Criminal Court at Law No. 4 of Harris County

The Clerk of the Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure because the trial court's certification of appellant's right of appeal is defective. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1. Although signed by the trial court judge, appellant, and his counsel, the certification does not indicate whether appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Michael S. Driver, shall be present. Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether appellant has the right to appeal; and
2) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature:  /s/ Terry Jennings
                    ☑  Acting individually

Date:  February 23, 2017